UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-23
(3:06-cr-451)

| | | |
|---|---|---|
| KENDRICK OMAR HAMMOND | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1); the Government's Motion to Dismiss, (Doc. No. 5), and related pleadings. For the reasons stated below, the motion will be denied and dismissed.

I.  BACKGROUND

On December 19, 2005, Petitioner was charged with possessing with intent to distribute at least 5 grams of cocaine base, in violation of 21 U.S.C. § 841. (Case No. 3:06-cr-451, Doc. No. 1: Indictment). On January 2, 2007, the Government filed a notice pursuant to 21 U.S.C. § 851 seeking enhanced penalties based on North Carolina convictions for possessing a schedule II controlled substance with intent to sell and felony possession of a schedule II controlled substance. (Id., Doc. No. 8). On the day of trial, after jury selection had begun, Petitioner pled guilty to the Indictment without a plea agreement. (Id., Doc. No. 29: Plea Hr'g Tr.).

The Presentence Report ("PSR") calculated the statutory range as 10 years to life and advisory guideline range as 120 months, based on the mandatory minimum triggered by the drug quantity and Petitioner's North Carolina predicate convictions. (PSR ¶¶ 101, 102). The Government moved for an upward departure or variance in light of Petitioner's extensive

1

criminal history. (Case No. 3:06-cr-451, Doc. No. 34: Motion). The Court granted the motion and imposed a sentence of 180 months' imprisonment. (Id., Doc. No. 53: Sent. Hr'g Tr. at 47; Doc. No. 44: Judgment at 1-2). Petitioner challenged the denial of his Motion to Suppress on appeal, but the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and issued its Mandate on December 17, 2009. (Id., Doc. No. 60: Unpublished Opinion; Doc. No. 61: Mandate).

On or about January 14, 2013, Petitioner filed the instant § 2255 motion stating one ground for relief: that his North Carolina drug trafficking convictions are no longer considered felonies; therefore, his sentence was improperly enhanced under 21 U.S.C. § 851. (Doc. No. 1 at 4). Petitioner asserts that his motion was timely because United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), announced a new retroactive rule which constituted a new "fact" resetting the one-year limitations period, (Id. at 12; Doc. No. 8: Supplemental Memorandum at 4). He recognizes that the instant motion was not filed within one year of the August 17, 2011, Simmons decision, but asserts his 28 U.S.C. § 2241 motion filed in the Eastern District of Kentucky (Case No. 7:12-cv-15), where he was confined, should have been considered under § 2255. (Id. at 6-7).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter, and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United

States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's Judgment became final on or about March 17, 2010, after his time to petition for a writ of certiorari expired. Clay v. United States, 537 U.S. 522, 525 (2003) (judgment becomes final when time to seek review expires). As detailed above, Petitioner contends that this action is timely under § 2255(f)(4) because the en banc Simmons decision constitutes a new fact and because he filed an unsuccessful action in another court. The Government disagrees and seeks dismissal of the § 2255 petition as untimely. (Doc. No. 5: Motion to Dismiss at 5).

Petitioner's argument fails because the Fourth Circuit held in Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) (en banc), that Simmons does not represent a "fact" under §

3

2255(f)(4) and rejected equitable tolling, noting that many defendants raised challenges prior to Simmons "asserting the exact same substantive claim . . . including [Jason] Simmons himself."[1] Finally, Petitioner has provided no legal authority for the proposition that filing a separate § 2241 action in the Eastern District of Kentucky tolled the § 2255 limitations period in this district.

Even if the § 2255 petition were considered timely, Petitioner would not be entitled to relief. The statutory sentencing range without a prior conviction would have been 5 to 40 years, 21 U.S.C. § 841(b)(1)(B), and the advisory guideline range would have been 84 to 105 months, (PSR ¶ 102). The Court found grounds to depart above that advisory range, but below the statutory maximum, which Petitioner did not challenge on appeal. Therefore, the 180 month sentence was not imposed in violation of law.

IV. CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion must be denied and dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss, (Doc. No. 5), is **GRANTED**;

2. Petitioner's Motion for Extension of Time, (Doc. No. 9), is **GRANTED**; and

3. Petitioner's § 2255 Motion to Vacate, (Doc. No. 1), is **DENIED and DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not

---

[1] Simmons, who was sentenced in this district, unsuccessfully raised this type of claim on April 23, 2008, prior to sentencing. (Case No. 1:07-cr-77, Doc. No. 33 at 4-6).

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 3, 2016

Robert J. Conrad, Jr.
United States District Judge